**FILED**
**May 30, 2019**
**10:41 AM(ET)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| JENNIFER NOWLIN,<br>Employee, | ) | Docket No. 2019-03-0012 |
| | ) | |
| | ) | |
| v. | ) | State File No. 82431-2018 |
| LOWES HOME CENTERS,<br>Employer. | ) | |
| | ) | |
| | ) | Judge Lisa A. Lowe |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### Decision on the Record

---

This case came before the Court on Ms. Nowlin's Request for Expedited Hearing seeking a decision on the record. Lowes Home Centers (Lowes) did not object to a decision on the record.[1] Ms. Nowlin seeks payment of her outstanding medical bills, temporary disability benefits, authorized treatment with Dr. Daniel Cordas, and attorney's fees. The issue is whether Ms. Nowlin is likely to prevail at a hearing on the merits on entitlement to these benefits by establishing causation. For the reasons below, the Court holds Ms. Nowlin is not likely to prevail and she is not entitled to the requested benefits.

### *Ms. Nowlin's Contentions*

Ms. Nowlin worked for Lowes as a fulfillment coordinator pulling items from the shelves for online orders and taking them to either the delivery or pick-up bay. She alleged that on October 12, 2018, a customer came in to pick up a microwave.

In her affidavit, Ms. Nowlin noted that the microwave was placed on top of a refrigerator. As she attempted to pull the microwave down, it was much heavier than expected and jerked her arm down, pinning her arm between the microwave and

---

[1] The Court issued a Docketing Notice allowing the parties until May 17 to object to any exhibits and to file position statements. Lowes filed a position statement, but Ms. Nowlin did not. The Court holds it needs no additional information to issue a decision on the record.

refrigerator. Ms. Nowlin stated she felt immediate right-shoulder pain that progressed as she finished her shift. However, she did not report her injury until a day or two later during a "sync up" meeting with her supervisor, Candace Reed.

Ms. Reed provided a panel of physicians, and Ms. Nowlin chose LeConte Medical Center for initial treatment. She saw Dr. Darin Hale at LeConte on October 23 and complained that she fell at work about two days ago. He diagnosed right-shoulder injury and right cervical radiculopathy. He instructed her to follow up with her primary care physician within the week and assigned restrictions of avoiding heavy lifting and strenuous activity.

Ultimately, Ms. Nowlin came under the care of Dr. Daniel Cordas, an orthopedist. Dr. Cordas's records revealed that her chief complaint continued to be right shoulder and neck pain with radiation and numbness into her right hand. He made multiple diagnoses and injected Ms. Nowlin's shoulder but noted no improvement. He restricted her from working for one week and recommended a cervical spine MRI. Lowes declined to authorize the MRI and denied the claim. Lowes subsequently fired Ms. Nowlin for poor attendance.

Ms. Nowlin seeks reimbursement for out-of-pocket medical expenses. She also requested temporary partial disability benefits, since she remains under restrictions. Additionally, Ms. Nowlin asked for continued authorized treatment with Dr. Cordas and attorney's fees.

### *Lowes's Contentions*

Lowes argued that Ms. Nowlin is not entitled to benefits because she failed to establish that she sustained an injury arising primarily from her employment at a specific date and time. Ms. Nowlin gave inconsistent descriptions of her injury and conflicting accounts of when she reported it. On October 23, Ms. Nowlin completed a handwritten report that contradicts her affidavit testimony. In the report, Ms. Nowlin said she was picking up a microwave box, lost her grip, and her hand got pinned under the box. She also said she "never thought much about it until last week."

Ms. Reed stated in her affidavit that, contrary to Ms. Nowlin's assertions, the only "sync up" meeting happened on October 29, not a day or two after the alleged injury. Lowes also submitted an email containing a statement from its Loss Prevention Manager, Ian Pastorius, which contained the following:

On Thursday, 10/25 around 8:00 a.m., I spoke to [Ms. Nowlin] about her arm. She said she hurt it pulling a microwave earlier that week in receiving. I asked her what time the incident took place and she did not know. I pulled the microwave sales of the date and there were none found.

2

I also pulled the sales on 10/12/2018 and there were no microwave sales that day either. Jennifer said the incident took place in the PL bay in receiving. There is no video of that area or at customer service with a microwave. She said there were no employees around receiving to see the incident take place.

Lowes also provided a statement from an employee, Cameron Netherland, who stated he was with Ms. Nowlin in the pick-up bay moving orders around and cleaning. He stated he moved all boxes and items and did not recall Ms. Nowlin moving anything or becoming injured.

### Findings of Fact and Conclusions of Law

Ms. Nowlin must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015); Tenn. Code Ann. § 50-6-239(d)(1) (2018). Ms. Nowlin must show she suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14).

Here, the threshold issue is whether Ms. Nowlin came forward with sufficient evidence to establish the occurrence of a specific incident on October 12, 2018, identifiable by time and place of occurrence. For the reasons below, the Court holds she did not.

Ms. Nowlin's affidavit indicated she injured her shoulder and right arm on October 12, 2018, when retrieving a microwave and that her right arm was pinned between the microwave and a refrigerator. She stated she felt immediate pain and reported the injury a day or two later during a "sync up" meeting. In Ms. Nowlin's handwritten October 23 statement, she said she was picking up a microwave box, lost her grip, and her hand got pinned under the box. She said she "never thought much about it until last week and it's really hurting bad[ly] now and going down my shoulder and arm."

In contrast, Ms. Reed denied a sync-up meeting took place until October 29 and stated that Ms. Nowlin reported the injury on October 23, not a day or two following the alleged incident. Lowes's Loss Prevention Manager said there were no microwaves sold on October 12, the date Ms. Nowlin claimed her injury occurred, and Mr. Netherland worked with Ms. Nowlin that date and did not recall her moving anything or becoming injured. Further, the October 23 LeConte Medical Center note indicated Ms. Nowlin injured her shoulder at work about two days earlier.

Ms. Nowlin made inconsistent statements about how and when the injury occurred and when she experienced pain and radiating symptoms. She also made conflicting statements about when she reported the injury. These inconsistencies call into question her credibility. Based on those inconsistencies and the refuting statements of Lowes's witnesses, the Court concludes that Ms. Nowlin failed to come forward with sufficient evidence to prove likelihood of success at trial in establishing she sustained a specific work-related incident identifiable by time and place of occurrence.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Nowlin's claim against Lowes Home Centers is denied at this time.

2. This case is set for a **Scheduling Hearing on July 30, 2019 at 10:00 a.m. Eastern Time.** The parties must call (865) 594-0109 or (toll-free) (855) 383-0003 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED on May 30, 2019.**

*Lisa A. Lowe*

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

**Exhibits:**
1. Affidavit of Jennifer Nowlin
2. Lowes Home Centers Workers' Compensation Employee Statement
3. Wage Statement, Form C-41
4. Separation Notice
5. Employee's Choice of Physician, Form C-42
6. Medical Records of LeConte Medical Center
7. Medical Records of Dr. Daniel Cordas, Smoky Mountain Orthopedics
8. Medical Expense from Jack Hughston Memorial Hospital
9. Medical Expenses of Wal-Mart Pharmacy
10. Docketing Notice for On-The-Record Determination
11. Lowes's Response to Employee's Request for Expedited Hearing
12. Affidavit of Terrence Woodley
13. Statement of Ian Pastorius
14. Affidavit of Candace Reed

4

**Technical Record**:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a correct copy of the Expedited Hearing Order was sent to the following recipients as indicated below on May 30, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jonathan Doolan, Employee's Attorney | | | X | jonathan@collinsdoolan.com |
| C. Christopher Brown, Employer's Attorney | | | X | chris.brown@leitnerfirm.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month   Medical/Dental $ _____ per month

Groceries     $ _____ per month    Telephone    $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water         $ _____ per month    Clothing     $ _____ per month

Gas           $ _____ per month    Child Care   $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car           $_____ per month

Other       $ _____ per month (describe: _____ )

10. Assets:

Automobile       $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House           $ _____    (FMV) _____

Other           $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                RDA 11082



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*